## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FIAZ KHAN, | No. 4:20-CV-1034 |
| Plaintiff, | (Judge Brann) |
| v. | (Magistrate Judge Carlson) |
| ANGELA HOOVER, *et al.*, | |
| Defendants. | |

## ORDER

### SEPTEMBER 22, 2020

Plaintiff, challenging the conditions of his confinement, filed the instant action on June 19, 2020.[1]  The instant action was jointly assigned to the undersigned and to a magistrate judge.  Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."[2]  Once filed, this report and recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[3]

On July 29, 2020, Magistrate Judge Martin C. Carlson, to whom this matter is jointly assigned, issued a thorough report and recommendation.  Magistrate Judge Carlson recommended that Plaintiff's complaint be dismissed because Plaintiff had not complied with a previous case management order designed to

---

[1]  *See* Doc. 1.
[2]  28 U.S.C. 636(b)(1)(B).
[3]  28 U.S.C. 636(b)(1).

manage the initial version of this lawsuit, which consisted of "eccentric and inappropriate filings."[4]  As Magistrate Judge Carlson put it, the case management order, issued on June 23, 2020, was "designed to create some measure of order out of this chaos."[5]  Plaintiff has not complied with the case management order. Magistrate Judge Carlson therefore recommended dismissal "without prejudice to renewal if the plaintiff complies with this court's order."[6]

No objections to the report and recommendation have been filed.  For portions of the report and recommendation to which no objection is made, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[7]  Regardless of whether timely objections are made by a party, the District Court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[8]

Because I write solely for the parties, I will not restate the facts, but will instead adopt the recitation of facts as set forth by the magistrate judge.  I have conducted a de novo review here and found no error.

---

[4]   *See* Doc. 6 at 3.

[5]   *Id.*

[6]   Doc. 6 at 11.

[7]   Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (*citing Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)).

[8]   28 U.S.C. § 636(b)(1); Local Rule 72.31.

**AND NOW, IT IS HEREBY ORDERED** that:

1.      Magistrate Judge Martin C. Carlson's July 29, 2020 Report and

Recommendation, Doc. 6, is **ADOPTED in full**.

2.      Plaintiff's Complaint, Doc. 1, is **DISMISSED WITHOUT**

**PREJUDICE**.

3.      Plaintiff may renew his Complaint if Plaintiff complies with this

Court's previous case management order that was entered on June 23,

2020.[9]

4.      The Clerk of Court is directed to close the case file.

BY THE COURT:

_s/ Matthew W. Brann_
Matthew W. Brann
United States District Judge

---

[9]   The Court notes that Magistrate Judge Carlson's Report and Recommendation was sent to Plaintiff but was returned as undeliverable.  *See* Doc. 7.  This indicates that Plaintiff's complaint may now be moot, as Plaintiff may have been released from the confinement that he was challenging.